```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CHARLES J. FORD,                  :

     Plaintiff,                   :

V.                                :     Case No. 3:05-CV-1610(RNC)

WALGREEN EASTERN CO., INC.,       :
et al.,

     Defendants.                  :
```

## RULING AND ORDER

Plaintiff brings this action <u>pro se</u> seeking damages for injuries he allegedly sustained when he was struck by a car while riding his bicycle near an exit to property owned by Walgreen Eastern Co., Inc. ("Walgreens"). Motions to dismiss have been filed by Walgreens; Robert Gas, an insurance manager for Walgreens; the City of New Britain; and the New Britain Housing Authority. For the reasons that follow, the action is dismissed against all the defendants except Walgeens.

Walgreens argues that the complaint fails to allege a basis for subject matter jurisdiction and fails to state a claim on which relief can be granted. Both points have some force. However, the court is required to construe plaintiff's submissions "to raise the strongest arguments that they suggest." <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994). <u>See also</u> <u>Gomes v. Avco Corp.</u>, 964 F.2d 1330, 1335 (2d Cir. 1992) (court must give substantial leeway to <u>pro se</u> litigants). Generously construed in accordance with this requirement, the complaint

adequately alleges a claim for negligence against Walgreens based on its failure to place a stop sign at the exit to its property, and adequately pleads a basis for subject matter jurisdiction over this claim based on diversity of citizenship.  Thus, Walgreens motion to dismiss must be denied.

No negligence claim - or any other type of claim - can be gleaned from the complaint with regard to the other defendants. The complaint fails to allege, either directly or by reasonable implication, that Mr. Gas had anything to do with the collision, and plaintiff has admitted that the City had no role in the incident.  In light of this, the action against these defendants must be dismissed for failure to state a claim on which relief can be granted.

Accordingly, the motion to dismiss filed by Walgreens (Doc. 34) is hereby denied as to Walgreens but granted as to Mr. Gas, and the motions to dismiss filed by the City of New Britain and the New Britain Housing Authority (Docs. 6 & 22) are hereby granted.  All pending motions relating to the latter (Docs. 8, 10, 13, 18, 20, 27, 29, 36) are denied as moot.  Plaintiff's motions for default entry (Docs. 26 & 48) are denied in light of the filing of Walgreens' motion to dismiss.  The parties are ordered to confer and file a report in accordance with Federal Rule of Civil Procedure 26(f) no later than August 21, 2006.

So ordered.

Dated at Hartford, Connecticut this 24th day of July 2006.

```
            _____\s_____
                  Robert N. Chatigny
               United States District Judge
```